UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KAROL BARNES                                                                          Civil Action No.

                              Plaintiff,

     -against-                                                                      **COMPLAINT**

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK COUNTY                      **Jury Trial Demanded**
SHERIFF'S DEPARTMENT, FRANK GARAFANO,
TED CAPUTO, PHILIP DLUGINSKI, JANE DOE #1-3*
and JOHN DOE #1-3*

                          Defendants.
(*Said name being fictitious and meant to include the
Other members of the Suffolk County Police Department
And Suffolk County Sheriff's Department who;'
-----------------------------------------------------------------------X

       Plaintiff, Karol Barnes, by her attorneys, Rossi, Crowley, Sancimino & Kilgannon, LLP, as and for their Verified Complaint against the defendants, allege the following:

       1.     This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under Federal Law, specifically, 42 U.S.C §§1983, 1985 and 1988 and under New York State Statute and Common Law.

       2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343 and 1367 and venue is properly set in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391.

       3.     The causes of action alleged herein arise from factual allegations occurring in this judicial district.

       4.     The amount in controversy is in excess of $75,000.00

       5.     Plaintiff, Karol Barnes, ("Ms. Barnes") is an individual who resides in the County of Suffolk in the State of New York.

6. Upon information and belief and at all times hereinafter mentioned, the Defendant, County of Suffolk, was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief and at all times hereinafter mentioned, the Defendant, Suffolk County Police Department, was and still is a municipal police department located in the County of Suffolk, State of New York.

8. Upon information and belief and at all times hereinafter mentioned, the Defendant, Suffolk County Sherriff's Department, was and still is a municipal Sherriff's department located in the County of Suffolk, State of New York.

9. Upon information and belief and at all times hereinafter mentioned, Defendant, Frank Garafano ("Garafano"), was and still is a member of the Suffolk County Police Department and acting in his capacity as a Suffolk County Police Officer and was acting under the color of state law.

10. Upon information and belief and at all times hereinafter mentioned, Defendant, Ted Caputo ("Caputo"), was and still is a member of the Suffolk County Police Department and acting in his capacity as a Suffolk County Police Officer and was acting under the color of state law.

11. Upon information and belief and at all times hereinafter mentioned, Defendant, Philip Dluginski ("Dluginski"), was and still is a member of the Suffolk County Police Department and acting in his capacity as a Suffolk County Police Officer and was acting under the color of state law.

12. Upon information and belief and at all times hereinafter mentioned, Defendant, Jane Doe #1-3, was and still is a member of the Suffolk County Police Department and/or

Suffolk County Sheriff's Department and acting in his capacity as such and was acting under the color of state law.

13. Upon information and belief and at all times hereinafter mentioned, Defendant, Jane Doe #1-3, was and still is a member of the Suffolk County Police Department and/or Suffolk County Sheriff's Department and acting in his capacity as such and was acting under the color of state law.

14. Upon information and belief, and at all times hereinafter mentioned, the Defendant, County of Suffolk, employed the police officers and the other individual Defendants mentioned or referred to in the above caption and the body of this complaint.

15. Upon information and belief, defendant, County of Suffolk, owned, maintained, and controlled the various courthouses, jails and their equipment, police stations, and the automobiles used to transport prisoners, all hereinafter mentioned in this complaint.

16. Upon information and belief, Defendant, County of Suffolk, employed the warrant officers, policemen, jailers, warden, magistrates, court attendants, clerks, corporation counsel and his/her, district attorney and his/her assistants, drivers and other hereinafter mentioned or referred to in this Complaint.

17. That at all times hereinafter mentioned, the Defendants Garafano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3 were acting within the scope of their employment and in furtherance of their employment with the Suffolk County Police Department and the County of Suffolk.

18. That heretofore a Notice of Claim was duly served upon the Defendants within 90 days after the cause of action accrued.

19. A Notice of Claim hearing was conducted of the Plaintiff.

20. At least thirty (30) days have elapsed since the service of the Notice of Claim upon the Defendant and, to date, said Defendant has neglected and/or refused to pay said Notice of Claim.

21. Plaintiff complied with all conditions precedent to the commencement of this action

## FACTS

22. Plaintiff Karol Barnes is a highly decorated veteran of the United States Army having served from 1984 to 1988. She was honorably discharged in 1988.

23. Ms. Barnes began her commendable career as a police officer in 1990 as member of the NYPD.

24. Ms. Barnes became a Police Officer for the Hempstead Police Department in 1996 and has been a member ever since.

25. On January 1, 2018, while Ms. Barnes was at her home with her children, a member or members of the Suffolk County police department arrived at her house.

26. Upon information and belief, Police Officer Garafano, defendant herein, was the first member of the Suffolk County Police Department to arrive at Ms. Barnes house.

27. Ms. Barnes did not know why they were at her house, however Ms. Barnes agreed to exit her house to speak with the officer(s).

28. The officers informed Ms. Barnes that her cousin wanted to retrieve her property.

29. Ms. Barnes agreed to let the officers and her cousin in her backyard and her garage so her cousin could retrieve her things.

30. Ms. Barnes informed the members of the Suffolk County Police Department that she was a police office with the Village of Hempstead.

31. After granting access to the officers, Ms. Barnes went inside her house. Once inside the officers knocked on her door and informed her, she was being taken into custody. Upon information and belief, Police Officer Garafano detained and removed Ms. Barnes from her residence without cause.

32. At no point during this encounter did Ms. Barnes become combative, argumentative or give any reason for the Police to take her into custody.

33. Ms. Barnes was never informed as to why she was being taken into custody.

34. Ms. Barnes was then, without cause or reason, brought to the Suffolk County Police Department Third Precinct.

35. Once inside the Precinct, Ms. Barnes was handcuffed to a retaining table.

36. Still, Ms. Barnes was not informed why she was being arrested or what she was being charged with, despite her asking members of the Suffolk County Police Department.

37. While at the precinct, Ms. Barnes began to experience sudden cardiac difficulty, more specifically, chest pains and shortness of breath.

38. Ms. Barnes expressed her discomfort to the Lieutenant on duty and requested to go to the hospital.

39. The Lieutenant on duty demanded that Ms. Barnes be shackled before going to the hospital.

40. Ms. Barnes was brought to Southside Hospital ("Hospital") where she was examined and given an EKG.

41. Ms. Barnes was never informed of the results from the EKG, her diagnosis or given discharge instructions.

42. Once discharged from the Hospital, Ms. Barnes was transported to Suffolk County Police Department's Fourth Precinct.

43. Once inside the Fourth Precinct, Ms. Barnes was searched and escorted to a holding cell, where she remained for the night.

44. While at the holding cell Ms. Barnes complained to the officers on duty that she was very cold and asked that the air-conditioner, which was on in January, be shut off.

The officers refused Ms. Barnes request.

45. The following morning, January 2, 2018, Ms. Barnes was transported to the Central Islip Courthouse for arraignment. While there, she was placed in the holding cell with the general population waiting for arraignment. Ms. Barnes was placed with the general population despite the Defendants' knowledge of her occupation as a Village of Hempstead Police Officer and the threat she may have been exposed to for being there as a police officer.

46. While being held at the Central Islip Courthouse waiting for arraignment Ms. Barnes was placed in known and immediate danger by the Defendants by being placed with the general population of arrestees.

47. At the arraignment, Ms. Barnes was charged with petit larceny (New York Pen. Law §155.25) and (New York Real Prop. Law §235) and released on her own recognizances.

48. The following day, January 3, 2018, Ms. Barnes returned to Southside Hospital for severe aches and pains. Ms. Barnes was given Motrin and discharged.

49. After a few weeks Ms. Barnes returned to the hospital for severe pain and swelling in her left wrist. The Hospital x-rayed her wrist and gave her Motrin for the pain.

50. Ms. Barnes was held unreasonably, unjustifiably and unlawfully imprisoned by the members of the Suffolk County Police Department from January 1 through January 2, 2018.

51.     The Defendants Garafano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3 unreasonably detained, arrested, assaulted, searched and maliciously prosecuted the Plaintiff, Ms. Barnes.

52.     The Defendants Garafano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3 actions were based on their bias against Ms. Barnes as a black woman.

53.     The Defendants Suffolk County Police Department, Suffolk County Sherriff's Department including but not limited to, Garafano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3 individually and in concert with others, acted under color of law in his/her/their official capacity, to deprive Ms. Barnes of her right to freedom from illegal seizures of herself and things, her right to freedom from unlawful arrest, detention and imprisonment and her right to be free from malicious prosecution. All these rights are secured to Ms. Barnes by the Fourth and Fourteenth Amendments to the Constitution and by 42 U.S.C. §§1983 and 1988.

54.     The Defendants, Suffolk County Police Department, Suffolk County Sherriff's Department and the County of Suffolk failed to adequately supervise and train the Defendants, Garagano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3.

55.     The Defendant County of Suffolk illegally and falsely commenced prosecution against Ms. Barnes under the Docket Number: CR-000065-18SU.  The prosecution commenced under Docket Number 2012SU021747 has been dismissed before the filing of this Complaint.

56.     The Plaintiff, Ms. Barnes, was seriously injured physically, caused to suffer a serious cardiac episode, caused to suffer emotional damage, caused to suffer public humiliation and scorn, caused to suffer from loss of employment and caused continuing financial hardship, including the cost of attorney's fees in defending the criminal action commenced against her and the prosecution of this action, all in an amount to be determined at trial.

57. The Plaintiff, Ms. Barnes, is entitled to compensation for the constitutional harms that the defendants inflicted upon her, including personal injury, loss of liberty and loss of property.

## AS AND FOR A FIRST CAUSE OF ACTION
*Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983 (General Allegations)*

58. The Plaintiff repeats and realleges each and every allegation made hereinbefore as if fully set forth herein.

59. The Defendants herein, including: Garafano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3 unreasonably detained, arrested, assaulted, searched and maliciously prosecuted the Plaintiff, Ms. Barnes.

60. The Defendants herein, including: the Suffolk County Police Department, the Suffolk County Sheriff's Department, the County of Suffolk, Garafano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3 acted under the color of state law to deprive the Plaintiff of certain constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments to the Constitutions of the United States including but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; the right to be free from excessive use of force by persons acting under the color of state law; e) the right to be free from false arrest; and f) the right to just compensation for taking of property.

61. In violating the Plaintiffs' rights as set forth above and other rights that will be proven at trial, the defendants acted under the color of state law and conducted an unauthorized stop, search and seizure of the Plaintiff.

62. The malicious and unreasonable actions committed by the Defendants herein, including: the Suffolk County Police Department, the Suffolk County Sheriff's Department, the

County of Suffolk, Garafano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3 were done in furtherance of their intent to deny the Plaintiff, Ms. Barnes, equal protection under the law - based on her race and gender which was expressive and based on their treatment of African American women by the police in Suffolk County - a matter of public concern – in violation of her First and Fourteenth Amendment rights.

63. As a direct and proximate result of the violation of their constitutional rights by the Defendants, the Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

64. The above referenced conduct was part of deliberate and concerted actions aimed at the Plaintiff in acts of bias, abuse and discrimination, based on race and gender, by the Defendants herein.

65. As a direct consequence of the actions of the Defendants herein, the Plaintiff suffered loss of time, criminal record, loss of freedom, mental distress, loss of quality of life, arrest record, damage to name and reputation, special damages, attorney's fees, incidental fees/costs and other financial impairments.

**AS AND FOR A SECOND CAUSE OF ACTION**
*Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983 (False Arrest)*

66. Plaintiff repeats and realleges each and every allegation made hereinbefore as if fully set forth herein.

67. The arrest and detention of the Plaintiff was illegal, without a warrant, without reasonable cause, without permission and without authority of law.

68. Plaintiff's Fourteenth Amendment Rights to due process were violated, as she is both an African American and a female, was subjected to maltreatment that would ordinarily be handled by a citation.

69. Upon information and belief, defendant, County of Suffolk, employed the warrant officers, sheriffs, policemen, jailers, warden, magistrates, court attendants, clerks, corporation counsel and his/her, district attorney and his/her assistants, drivers and other hereinafter mentioned or referred to in this Complaint.

70. Upon information and belief, the defendant, County of Suffolk, owned, maintained and controlled the various courthouses, jails and their equipment, police stations and the vans used to transport prisoners all hereinafter mentioned.

71. Plaintiff, Karol Barnes was intentionally held in police custody by the Defendants including in the detention cells of the County of Suffolk, Suffolk County Sheriff's Department and the Suffolk County Police Department from January 1, 2018 to January 2, 2018.

72. In committing the acts complained of herein, the defendants County of Suffolk, the Suffolk County Police Department, Suffolk County Sherriff's Department, Garafano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3 acted under the color of state law by falsely arresting and detaining the Plaintiff with no basis in fact or law to do so.  In violating the Plaintiffs' right to be free from false arrest, the Defendants violated her rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

73. Each of the Defendants condoned the wrongful, grossly negligent, reckless, callous, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts. Said actions were aimed at exerting excessive force and controlling an African American female police officer.

74. As a result of this false arrest and illegal imprisonment the Plaintiff suffered, her health was and continues to be impaired, the Plaintiff suffered and continues to suffer mental distress, her reputation and character were injured, the Plaintiff suffered loss of freedom and deprivation of liberty, the Plaintiff's earning power has been permanently impaired, expenses have been and continue to be incurred by the Plaintiff, including attorney's fees in this and the criminal actions, the Plaintiff is entitled to relief under 42 U.S.C. §1983, is entitled to relief for the deprivation of their liberty and the violation of her constitutional rights and for such other and further relief as this Court deems just and necessary.

### AS AND FOR A THIRD CAUSE OF ACTION
*Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983 (Malicious Prosecution)*

75. The Plaintiff repeats and realleges each and every allegation made hereinbefore as if fully set forth herein.

76. The Defendants herein, including the County of Suffolk, the Suffolk County Police Department, Suffolk County Sherriff's Department, prosecutors, District Attorney's Office, Garafano, Caputo, Dluginski, Jane Doe #1-3 and John Doe #1-3 all acted under the color of law in their prosecution of and continued prosecution of the criminal actions commenced against the Plaintiff herein.

77. The proceeding commenced against the Plaintiff herein was commenced without probable cause and or justification.

78. As a result of this false arrest and illegal imprisonment the Plaintiff suffered, her health was and continues to be impaired, the Plaintiff suffered and continue to suffer mental distress, her reputation and character was injured, the Plaintiff suffered loss of freedom and deprivation of liberty, the Plaintiff's earning power has been permanently impaired, expenses have been and continue to be incurred by the Plaintiff, including attorney's fees in this and the

criminal actions, the Plaintiff is entitled to relief under 42 U.S.C. §1983, is entitled to relief for the deprivation of their liberty and the violation of her constitutional rights and for such other and further relief as this Court deems just and necessary.

## AS AND FOR A FOURTH CAUSE OF ACTION
*Violation of Civil Rights Pursuant to Title 42 U.S.C. §1985*

79. The Plaintiff repeats and realleges each and every allegation made hereinbefore as if fully set forth herein.

80. In committing the acts complained of herein, all of the Defendants named herein conspired for the purpose of depriving the Plaintiff of her Constitutional right for equal protection under the law, her right to due course of justice and equal protection under the law.

81. As a result of the Defendants' actions complained of herein, the Plaintiff is entitled to relief under 42 U.S.C §1985.

## AS AND FOR A FIFTH CAUSE OF ACTION
*Conspiracy to Violate Civil Rights under 42 U.S.C. §1985*

82. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained hereinbefore as if fully set forth herein.

83. The Defendants herein, including the County of Suffolk, Suffolk County Police Department, Suffolk County Sherriff's Department, Garafano, Caputo, Dluginski, Jane Doe #1-3, John Doe #1-3 and other members of the Suffolk County Police Department conspired to violate Ms. Barnes's rights when they collectively decided they would take her into custody without charging her with a crime.

84. The Defendants herein collectively decided to mistreat Ms. Barnes because she is an African American female, and collectively denied her, her due process rights under the Fourteenth Amendment.

85. The Defendants placed the Plaintiff within a cell with the general population and placed shackles on her legs, treating Plaintiff as a serious criminal and collectively gave no regard to Plaintiff's employment as a police officer. The Defendants herein brought about Plaintiff's seizure, arrest, detention and false accusation, all without lawful or proper basis or justification on account of her race and gender.

86. As a result of this conspiracy to violate civil rights the Plaintiff suffered, her health was and continues to be impaired, the Plaintiff suffered and continue to suffer mental distress, her reputation and character was injured, the Plaintiff suffered loss of freedom and deprivation of liberty, the Plaintiff's earning power has been permanently impaired, expenses have been and continue to be incurred by the Plaintiff, including attorney's fees in this and the criminal actions, the Plaintiff is entitled to relief under *42 U.S.C. §1985*, is entitled to relief for the deprivation of their liberty and the violation of her constitutional rights and for such other and further relief as this Court deems just and necessary.

**AS AND FOR AN SIXTH CAUSE OF ACTION**
*Violation of New York State Constitution – Article 1 §12: Security Against Unreasonable Searches, Seizures and Interceptions*

87. The Plaintiff repeats and realleges each and every allegation contained hereinbefore as though they were fully set forth herein.

88. The Defendants herein, including the Defendants County of Suffolk, Suffolk County Police Department, Suffolk County Sherriff's Department, Garafano, Caputo, Dluginski,

Jane Doe #1-3, John Doe #1-3 and other members of the Suffolk County Police Department violated the Plaintiffs' rights under the New York State Constitution in that they arrested, detained, unlawfully seized the Plaintiff's property and person, and commenced and continue malicious prosecution against the Plaintiff herein.

89. As a result of the actions of the Defendants and the deprivation of the New York Constitutional Rights, Ms. Barnes was caused to suffer serious personal injuries, was caused to obtain medical attention, was prevented from attending her usual occupation.

90. As a result of the actions of the Defendants and the deprivation of the New York Constitutional Rights the Plaintiff suffered, her health was and continues to be impaired, the Plaintiff suffered and continues to suffer mental distress, her reputation and character were injured, the Plaintiff suffered loss of freedom and deprivation of liberty, the Plaintiffs' earning power have been permanently impaired, expenses have been and continue to be incurred by the Plaintiff, including attorney's fees in this and the criminal actions, the Plaintiff is entitled to relief.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
*New York Common Law False Imprisonment*

91. The Plaintiff repeats and realleges each and every allegation contained hereinbefore as though they were fully set forth herein.

92. The confinement and/or imprisonment of the Plaintiff, was illegal, without a warrant, without reasonable cause, without permission and without authority of law.

93. The Plaintiff was intentionally confined and/or imprisoned by the Defendants in various locations, including but not limited to Defendants' vehicles, Defendants' precincts, a hospital, jail and detention cells of the Suffolk County Police Department, the Suffolk County Sherriff's Department and the County of Suffolk.

94. That as a result of this false arrest and illegal imprisonment the Plaintiff's health was and continues to be impaired, the Plaintiff suffered and continues to suffer mental distress, her reputation and character were injured, the Plaintiff suffered loss of freedom and deprivation of liberty, the Plaintiffs' earning power have been permanently impaired, expenses have been and continue to be incurred by the Plaintiff, including attorney's fees in this and the criminal actions, the Plaintiff is entitled to relief.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
*New York State Common Law – Malicious Prosecution*

95. The Plaintiff repeats and realleges each and every allegation contained hereinbefore as though they were fully set forth herein.

96. The prosecution against the Plaintiff was initiated and commenced by the County of Suffolk, its police department, its employees and/or agents and in the capacity as an employee and/or agent of the County of Suffolk.

97. Said prosecution was commenced and/or initiated without probable cause.

98. Said prosecution was commenced and/or initiated with malice on the part of the Defendants.

99. That as a result of the foregoing the Plaintiff suffered and continues to suffer mental distress, her reputation and character were injured, the Plaintiff suffered loss of freedom and deprivation of liberty, the Plaintiff's earning power have been permanently impaired, expenses have been and continue to be incurred by the Plaintiff, including attorney's fees in this and the criminal actions, the Plaintiff is entitled to relief.

**AS AND FOR AN NINTH CAUSE OF ACTION**

*New York Common Law Negligence*

100. The Plaintiff repeats and realleges each and every allegation contained hereinbefore as though they were fully set forth herein.

101. Each of the Defendants owed the Plaintiff a duty to use care at or about the times of the aforementioned incident.

102. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly resulted in the injuries and damages to the Plaintiff as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully demands:

1. That this Court grant judgment in favor of the Plaintiff and against the Defendants on all causes of action asserted herein;

2. That this Court award the Plaintiff those damages which it may appear she is entitled to by the proof submitted in this cause for her physical injuries, emotional injuries, financial injuries, loss of liberty, deprivation of her Constitutional rights under the United States and the State of New York, for her past and future pain and suffering, for damages to her reputation and for her out of pocket expenses including medical and attorney's fees;

3. That this Court award the Plaintiff punitive damages against the Defendants;

4. That this Court award the Plaintiff reasonable expenses incurred in this litigation including reasonable attorney and expert fees, pursuant to *42 U.S.C. §1988*;

5. That this Court award the Plaintiff any other further and general relief which it may appear they are entitled;

6. A jury for the trial of this matter; and

7. For such other and further relief as this Court deems just and necessary.

Dated: March 21, 2019
Douglaston, New York

                Yours, etc.,
                ROSSI, CROWLEY, SANCIMINO
                & KILGANNON, LLP
                Attorneys for the Plaintiff

By_____*Timothy Kilgannon*_____
        Timothy Kilgannon, Esq.
42-24 235th Street
Douglaston, New York 11363
(718) 428-9180